Filed 2/26/14  P. v. Ayala CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040092 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1236954) |
| v. | |
| ROBERT ANGELO AYALA, | |
| Defendant and Appellant. | |

In August 2013, pursuant to a negotiated plea under which he would receive a maximum 32-month sentence, defendant Robert Angelo Ayala pleaded no contest to possession of a controlled substance, phencyclidine, a felony (Health & Saf. Code, § 11377, subd. (a)), possession of drug paraphernalia, a misdemeanor (Health & Saf. Code, § 11364.1), and resisting, delaying or obstructing a peace officer, a misdemeanor (Pen. Code, § 148, subd. (a)).[1] He also admitted all enhancements alleged in the information, namely, allegations that he had two prior strike convictions and had three prison prior convictions. The court exercised its discretion to strike both of the prior strike allegations pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) and struck two of the prison prior allegations. It imposed a suspended sentence of 32 months and placed defendant on probation for five years. Defendant filed a timely appeal. We will affirm.

_____

[1] All further statutory references are to the Penal Code unless otherwise stated.

FACTUAL BACKGROUND[2]

On the afternoon of June 25, 2012, San José Police Officer Bryan Tran responded to a reported disturbance in the parking lot of a California Check Cashing business. It was reported that a Hispanic male had a gun which he had placed in his back pocket, and that he had entered a green truck. Officer Tran saw a green truck leaving the lot with a Hispanic male behind the wheel. Officer Tran identified that person in court as defendant. Officer Tran initiated a traffic stop, using his red lights and siren; the truck pulled off to the side of the road. As Officer Tran and a backup officer, Officer Martinez, approached the truck on foot, it sped away. (The truck had stopped for approximately 30 to 45 seconds.) Officers Tran and Martinez then followed the truck in their separate patrol vehicles. The officers did not use their lights and sirens in following defendant, because of department policy about the dangers of patrol car pursuits of vehicles. The truck was travelling at approximately 45 miles per hour in a 25 mile per hour zone; Officer Tran also observed defendant run a stop sign. The truck stopped about one mile from the original scene. The officers "initiated a felony car stop and ordered the suspect out of the vehicle." After defendant got out of the truck, he was taken into custody.

After identifying the driver, Officers Tran and Martinez obtained information on his status by radio: Defendant had a suspended license and was on probation and therefore "searchable." Another officer, Officer Rapp, conducted a search of defendant's truck; he found a glass smoking pipe and three leños (marijuana cigarettes laced with PCP).

PROCEDURAL HISTORY

Defendant was charged by information filed April 12, 2013, with possession of a controlled substance, phencyclidine, a felony (Health & Saf. Code, § 11377, subd. (a));

---

[2] The factual background is derived from the reporter's transcript of the hearing on May 14, 2013, on defendant's motion to suppress evidence pursuant to section 1538.5.

possession of drug paraphernalia, a misdemeanor (Health & Saf. Code, § 11364.1); and resisting, delaying or obstructing a peace officer, a misdemeanor (§ 148, subd. (a)). It was alleged in the information that defendant had previously been convicted of two violent or serious felonies, i.e., strike offenses (§§ 667, subds. (b)-(i); 1170.12), namely, assault with a deadly weapon with personal infliction of great bodily injury (§§ 245, subd. (a)(1), 12022.7, subd. (a)), and robbery (§§ 211-212.5, subd. (c)). It was further alleged that defendant had been convicted of three felonies, each of which resulted in his having served a prison term, and he had not remained free of prison custody (or the imposition of a term of jail custody) for a period of five years (§ 667.5, subd. (b); prison priors).

On April 26, 2013, defendant filed a motion to suppress evidence pursuant to section 1538.5, which was opposed by the People. After hearing evidence on May 14, 2013, receiving further briefing from defendant, and hearing argument, the court denied the motion.

On July 8, 2013, defendant pleaded no contest to each of the three counts, and he admitted the two strike prior and three prison prior allegations of the information. He entered his plea on the express condition that he would receive a maximum prison sentence of 32 months, and with the further understanding that he would be filing a *Romero* motion seeking an order dismissing the strike allegations.

Defendant filed a motion to dismiss the strike priors under *Romero*, and the People opposed the motion. On August 16, 2013, the court granted the *Romero* motion and dismissed the prior strike allegations. The court sentenced defendant to 32 months in prison (16 months for the felony drug possession conviction, doubled based upon the application of one prison prior); struck the two remaining prison prior allegations; suspended imposition of the sentence with a "zero tolerance" for any further arrests, failures to appear, or any other illegal conduct; placed defendant on formal probation for

3

five years; and ordered defendant's release to the Salvation Army for enrollment in a residential drug treatment program.

Defendant filed a timely notice of appeal.

DISCUSSION

We appointed counsel to represent defendant in this court. Appointed counsel filed an opening brief which stated the case and the facts but raised no specific issues. We notified defendant of his right to submit written argument on his own behalf within 30 days. We have received no written argument from defendant.

We have reviewed the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Based upon that review, we have concluded that there is no arguable issue on appeal.

DISPOSITION

The judgment is affirmed.

 

 

_____

Márquez, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Premo, J.